# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 759 | **DATE** | 10/27/2003 |
| **CASE TITLE** | Coburn, et al. vs. DaimlerChrysler Services North | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due ___.
(3) ☐ Answer brief to motion due ___. Reply to answer brief due ___.
(4) ☐ Ruling/Hearing on ___ set for ___ at ___.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ___ set for ___ at ___.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ___ set for ___ at ___.
(7) ☐ Trial[set for/re-set for] on ___ at ___.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ___ at ___.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Proposed Intervenors' motion for permissive intervention [51-1] is denied.

(11) ■ [For further detail see order attached to the original minute order.]

No notices required, advised in open court.
No notices required.
Notices mailed by judge's staff.
Notified counsel by telephone.
✓ Docketing to mail notices.
Mail AO 450 form.
Copy to judge/magistrate judge.

RO  courtroom deputy's initials

OCT 2 8 2003 date docketed

Date/time received in central Clerk's Office  mailing deputy initials

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JERRELL D. COBURN, *et al.*, individually and )
on behalf of themselves and all others similarly )
situated, )
 )
         **Plaintiffs,** )
 )   **No. 03 C 759**
v. )
 )   **Judge Ruben Castillo**
DAIMLERCHRYSLER SERVICES )
NORTH AMERICA, L.L.C., d/b/a )
CHRYSLER FINANCIAL COMPANY, L.L.C., )
 )
         **Defendant.** )

DOCKETED
OCT 28 2003

## MEMORANDUM OPINION AND ORDER

Keith J. Thomas, Barbirito Aguilar, Joseph S. Guidry and Richard Cardenas' (collectively " Proposed Intervenors") motion for permissive intervention, individually and on behalf of all others similarly situated, is presently before this Court. They allege that this Court should exercise its discretion to permit permissive intervention because their claims share common questions of law and fact with Plaintiffs' claims, their motion for intervention is timely and this Court has independent jurisdiction over their claims. For the reasons provided below, this Court denies Proposed Intervenors' motion for permissive intervention. (R. 51-1.)

## RELEVANT FACTS

Plaintiffs, and the putative class members they represent, are African-Americans and Hispanics who applied for financing with Defendant DaimlerChrysler North America, L.L.C., d/b/a Chrysler Financial Company, L.L.C. ("Chrysler Financial"), and who allegedly obtained a higher rate of interest than should have been available. (R. 6, First Amended Compl. ¶¶ 15-22.) According to the complaint, Chrysler Financial disables its Automated Credit Evaluation

("ACE") system when it receives applications from dealerships in largely minority neighborhoods. (*Id.* ¶¶ 40-58.) Because of this practice, known as redlining, Plaintiffs claim that they obtained higher interest rates than should have been available. (*Id.* ¶¶ 59-79.) Plaintiffs further allege that around September 2002 Chrysler Financial stopped financing all African-American customers at Marquette Chrysler Jeep Dealership ("Marquette"), slowed financing for African-American customers at Dodge of Midlothian Dealership ("Midlothian") and in early 2003 slowed financing for Hispanic customers at Suburban Dodge of Berwyn ("Berwyn"). (*Id.* ¶¶ 138-143, 149-152.)

According to Plaintiffs, Chrysler Financial's discriminatory practices and policies are implemented through its office in Lisle, Illinois, which oversees Chrysler Financial's operations in the Chicago Zone, an area encompassing all of Illinois and part of Iowa. (*Id.* ¶¶ 80-81.) Plaintiffs claim that the Chicago Zone threatened to close down Marquette and Midlothian unless Gerald Gorman, the owner of those dealerships, assumed financial liability for loans that Chrysler Financial made to African-Americans. (*Id.* ¶¶ 82-105.) By forcing Gorman to assume financial liability for these loans, Plaintiffs allege that the Chicago Zone renounced properly-executed financing agreements with African-Americans and unlawfully repossessed their vehicles. (*Id.* ¶ 82-112.) They also allege that the Chicago Zone did not want to finance African-American customers from Marquette or Midlothian because these dealerships are located in lower-income minority neighborhoods. (*Id.* ¶¶ 113-121.) Plaintiffs believe that Chrysler Financial knew, or should have known, about the Chicago Zone's discriminatory conduct and took no actions to correct it. (*Id.* ¶¶ 122-137.)

2

Importantly, for purposes of this motion, Plaintiffs' class allegations are limited to Illinois and Iowa. (*Id.* ¶ 156.) Plaintiffs have not, however, filed a formal motion to certify the proposed class.

Proposed Intervenors, and the putative class members they represent, are Hispanics who sought to purchase new cars from Rick Perez Autonet ("Perez") or from other Chrysler Motors dealerships in and around Galveston and Houston, Texas. (R. 52, Mem. in Supp. of Mot. to Intervene, Ex. 2, Proposed Compl. ¶¶ 2, 10-14.) Like Plaintiffs, Proposed Intervenors allege that they obtained higher interest rates than should have been available because of Chrysler Financial's discriminatory redlining and that Chrysler Financial's discriminatory practices and policies are implemented through a regional headquarters office. (*Id.* ¶¶ 21-36.) This office oversees Chrysler Financial's operations in the Houston Zone, which includes the Galveston and Houston areas. (*Id.* ¶ 14.) Proposed Intervenors allege that the Houston Zone refused to finance cars from Perez because it was located in a predominantly African-American and Hispanic neighborhood. (*Id.* ¶¶ 37-43.)

Plaintiffs' complaint includes an Equal Credit Opportunity Act claim, a § 1981 claim premised on the deprivation of the right to make and enforce contracts, a § 1982 claim premised on the deprivation of the right to purchase and hold personal property and an Illinois Consumer Fraud and Deceptive Business Practices Act claim.[1] (R. 6, First Amended Compl. ¶¶ 168-184.) Proposed Intervenors' proposed complaint includes the exact same claims less the state-law fraud claim. (R. 52, Mem. in Supp. of Mot. to Intervene, Ex. 2, Proposed Compl. ¶¶ 54-75.)

---

[1] Plaintiffs' Illinois Consumer Fraud and Deceptive Business Practices Act claim was dismissed without prejudice. (R. 34, June 23 Minute Order.)

## LEGAL STANDARDS

Permissive intervention is governed by Federal Rule of Civil Procedure 24(b)(2). This rule provides that a court may permit intervention "when an applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b)(2). Before a court can exercise its discretion, the applicant's claim must share a common question of law or fact with a party to the pending action, the applicant must timely seek intervention and the court must possess independent jurisdiction over the proposed claims. *Sec. Ins. Co. v. Schipporeit, Inc.*, 69 F.3d 1377, 1380-81 (7th Cir. 1995). Rule 24(b)(2) also provides that "in exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b)(2); *Vollmer v. Publishers Clearing House*, 248 F.3d 698, 707 (7th Cir. 2001); *see also Griffith v. Univ. Hosp., L.L.C.*, 249 F.3d 658, 661-62 (7th Cir. 2001) (stating that a trial court has "considerable discretion" and that "reversal of a court's denial of a Rule 24(b) motion for permissive intervention 'is a very rare bird indeed'"). A court should also consider whether denying intervention would prejudice the applicant's rights. *In re Discovery Zone Sec. Litig.*, 181 F.R.D. 582, 599 (N.D. Ill. 1998).

## ANALYSIS

Before this Court can exercise its discretion to permit permissive intervention, we must find a common question of law or fact, timely intervention and independent jurisdiction over the proposed claim. All three elements are present. Thus, the question before this Court is whether there is sufficient commonality between the questions of fact so that intervention will not unduly delay or prejudice the adjudication of the original parties' rights.

The Proposed Intervenors' motion is somewhat premature because this Court has not certified a class. Plaintiffs' proposed class as alleged, however, is limited to Illinois and Iowa. Proposed Intervenors assert that intervention will not expand the scope of discovery or the complexity of the trial as the same discriminatory conduct underlies both cases. They state that in both cases Chrysler Financial disabled its ACE system and based credit decisions on discriminatory criteria, such as minority status and geographic location. Accordingly, Proposed Intervenors claim that in both cases the majority of the discovery will take place at Chrysler Financial's corporate headquarters in Michigan. They also state that in both cases Chrysler Financial's discriminatory intent will be shown through racially and ethnically derogatory statements made by its representatives. They assert that, even if this Court denies their motion, discovery would be required in both Chicago and Houston in order to prove a national pattern of discriminatory conduct. Proposed Intervenors posit that the only difference between these two cases is geography, which they believe is a distinction without a difference.

Defendant counters that geography is a critical factual difference because each case requires an independent investigation: one to determine if Chrysler Financial's representatives discriminated in Houston and one to determine if Chrysler Financial's representatives discriminated in Chicago. Defendant asserts that intervention will also prolong the trial as this Court will have to determine on a case-by-case basis who was denied credit due to discrimination rather than due to a legitimate reason (such as bad credit). This Court agrees with Defendant and denies Proposed Intervenors' motion.

Given the scope of the present lawsuit, intervention would greatly expand the scope of discovery and prolong and complicate the trial. Plaintiffs and Defendant are entitled to a "just"

5

and "speedy" determination. Fed. R. Civ. P. 1. We disagree with Proposed Intervenors' contentions that the scope of discovery would not be significantly broadened by their presence. While much of the discovery regarding redlining will take place in Michigan, a great deal of discovery will take place in the regional zones. By adding the Houston Zone, intervention would nearly double the scope of discovery in this regard. Intervention would also expand the number of plaintiffs and putative class members, which will prolong and complicate the trial.

It is not a foregone conclusion that even the proposed class, which is limited to Illinois and Iowa, is appropriate. Each additional plaintiff and putative class member brings with it new questions of fact. *See Rodriguez v. Ford Motor Credit Co.*, No. 01-CV-8526, 2002 WL 655679, at *5 (N.D. Ill. 2002) (stating, in the context of class certification, that "a trial would require an individualized inquiry into the reasons for thousands of credit decisions"). Adding Texas to this mix will only lessen the chances for class certification.

Additionally, this Court is concerned that granting intervention could lead to a torrent of motions to intervene from other parts of the country, which would further prejudice the adjudication of the original parties' rights. Timeliness would be the only reasoned basis to deny any additional motions to intervene. Finally, denying intervention will not prejudice the Proposed Intervenors' rights. They have already drafted a proposed complaint, which they can file in the appropriate court at any time.

This Court is aware that discovery on the merits has not started and that other courts have found that intervention will not unduly delay a trial when discovery has not started. *See Wilfong v. Rent-A-Center, Inc.*, No. 00-CV-0680-DRH, 2001 WL 578262, at *2 (S.D. Ill. 2001) (permitting the EEOC to intervene before discovery started and before a class had been certified);

6

*Pac for Middle Am. v. State Bd. of Elections*, No. 95-CV-827, 1995 WL 571893, at *4 (N.D. Ill. 1995) (permitting a Congressman, and several concerned voters, to intervene in an action challenging the constitutionality of the Congressman's congressional district because, in part, discovery had not started). The present status of discovery is just one of several factors that determine whether intervention will cause undue delay or prejudice the adjudication of the original parties' rights. In addition to the length of discovery, this Court is concerned about the scope of discovery and the length and complexity of the trial. *See Commonwealth Edison Co. v. Allis-Chalmers Mfg. Co.*, 207 F. Supp. 252, 257 (D.C. Ill. 1962) (denying a motion for permissive intervention due to concerns that the case would "approach unmanageable proportions both in preparation and trial").

Plaintiffs asserts that *Romasanta v. United Airlines, Inc.*, 537 F.2d 915 (7th Cir. 1976), should compel this Court to permit intervention. In *Romasanta*, the Seventh Circuit reversed a district court's denial of a motion for permissive intervention after finding that it was "entirely proper . . . to permit putative class members . . . to intervene for the purpose of pursuing an appeal of [an] adverse class action determination." *Id.* at 919. Proposed Intervenors are neither putative class members, nor are they pursuing an appeal of an adverse class action determination. Indeed, a motion to certify a class has not even been filed. Thus, *Romasanta* does not limit this Court's discretion, nor have Proposed Intervenors identified any other Seventh Circuit cases that do.

## CONCLUSION

Because we believe that intervention would unduly delay and prejudice the adjudication of the original parties' rights and that denying intervention would not prejudice Proposed

Intervenors' rights, this Court denies Proposed Intervenors' motion for permissive intervention.

(R. 51-1.)

ENTERED: /s/ Ruben Castillo
Judge Ruben Castillo
United States District Court

Dated: October 27, 2003