

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JERRELL D. COBURN, et. al., individually and on behalf of themselves and all others similarly situated, | ) ) ) | |
| | ) | No. 03-C-00759 |
| Plaintiffs, | ) ) | Judge Mark Filip |
| DAIMLERCHRYSLER SERVICES NORTH AMERICA, L.L.C., d/b/a/ CHRYSLER FINANCIAL COMPANY, L.L.C., | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER OF PRELIMINARY APPROVAL OF SETTLEMENT**

The Class Representatives (on behalf of themselves and the Class Members), the Individual Plaintiffs and Defendant DaimlerChrysler Services North America LLC (together the "Parties"), have entered into a Settlement Agreement dated June 27, 2005 (the "Settlement Agreement"), providing for a proposed Settlement of this Litigation. A copy of the Settlement Agreement is attached as Exhibit 1. Plaintiffs have moved for, and DaimlerChrysler Services has stipulated to, entry of this Preliminary Approval Order, *inter alia*, (i) approving Plaintiffs' filing of the Third Amended Complaint for purposes of this settlement only; (ii) approving Plaintiffs' definition of the Settlement Class and certifying this case as a class action, solely for settlement purposes; (iii) preliminarily approving the Settlement as fair, reasonable, and adequate; (iv) establishing a procedure for Notice to Class Members and filing objections to the Settlement; and (v) scheduling a hearing for final approval of the Settlement. After due consideration,

**IT IS ORDERED THAT:**

1.     This Order incorporates by reference the definitions contained in the Settlement Agreement. All capitalized terms used in this Preliminary Approval Order have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein.

2.     The Plaintiffs' Third Amended Complaint in this action has been attached as an Exhibit to the Settlement Agreement. The Plaintiffs are granted leave to file their Third Amended Complaint for purposes of this Settlement only.

3.     The Parties have agreed to the following class, pursuant to Fed. R. Civ. P. 23(b)(2), and the Court hereby certifies such class, for the purposes of this Settlement only (the "Settlement Class").

> All African-American and Hispanic consumers who applied for credit through a motor vehicle dealer to DaimlerChrysler Services during the period January 1, 1990 though the Effective Date of the Settlement Agreement.

4.     Based on the Court's review of the Third Amended Complaint, argument of counsel and the entire record, the Class Representatives are certified for settlement purposes as adequate representatives of the Settlement Class and their claims are deemed to be typical of the members of the Settlement Class, and the following counsel are deemed for settlement purposes to adequately represent the Settlement Class: Steve W. Berman, Christopher A. O'Hara, Hagens Berman Sobol Shapiro LLP, Seattle, WA; Kenneth A. Wexler, Edward A. Wallace, Andrae P. Reneau, The Wexler Firm LLP, Chicago, IL; William Hooks, Hooks Law Offices, PC, Chicago, IL; R. Eugene Pincham,

R. Eugene Pincham, PC, Chicago, IL; William J. Harte, Eric D. Gruber, William J. Harte, Ltd., Chicago, IL; Thomas R. Rakowski, Thomas R. Rakowski & Assoc., Chicago, IL.

5.　　The Court further appoints Steve W. Berman, Hagens Berman Sobol Shapiro LLP, Seattle, WA, as Lead Counsel for the Settlement Class and appoints Kenneth A. Wexler, The Wexler Firm LLP, Chicago, IL as Liaison counsel for the Settlement Class.

6.　　The proposed Settlement as set forth in the Settlement Agreement executed by the Parties is preliminarily approved as fair, reasonable and adequate, subject to a hearing as providing herein for final approval.

7.　　A hearing (the "Fairness Hearing") shall be held before this Court on September 6, 2005 at 1:30 p.m. to hear objections and determine (i) whether the proposed Settlement Class should be certified for settlement purposes; (ii) whether the proposed Settlement of this Litigation as set forth in the Settlement Agreement is fair, reasonable, and adequate to the Class Members and should be approved by the Court; (iii) whether the Final Judgment should be entered approving the Settlement; and (iv) to adjudicate the request of Class Counsel for payment of attorneys fees and reimbursement of expenses subject to the stipulated maximum amounts under the Settlement Agreement.

8.　　The Parties shall cause the Notice attached as Exhibit 2 to this Order to be published in two newspapers affiliated with the National Newspapers Publishers Association and two newspapers affiliated with the National Association of Hispanic Publications once a week during each of the next four weeks. The Notice published in the newspapers affiliated with the National Association of Hispanic Publications will be in both Spanish and English. Because notice is not required for a class certified under

Fed.R.Civ.P. 23(b)(2), the Court finds that such Notice is more than is necessary, and is certainly "reasonable" notice of the proposed Settlement and of the Fairness Hearing pursuant to Fed.R.Civ.P. 23(e)(1)(B). Prior to or at the Fairness Hearing, the Parties shall file with the Court an affidavit or declaration of publication of the Notice consistent with the requirements of this paragraph.

9.     Any interested Class Member may appear at the Fairness Hearing to show cause why the proposed Settlement should or should not be approved as fair, reasonable, adequate, and in good faith and/or why the request of Class Counsel for approval of attorneys fees and expenses and litigation-related reimbursements should or should not be approved in whole or in part; provided, however, that no person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement or the fees, costs, and reimbursements requested by Class Counsel, unless that person has (i) sent or delivered written objections and copies of any supporting papers and briefs so that they are received no later than August 12, 2005 upon counsel below:

> Steve W. Berman
> Hagens Berman Sobol Shapiro LLP
> Attn: DaimlerChrysler Services Settlement
> 1301 5th Avenue, Suite 2900
> Seattle, WA 98101
> Fax: 206-623-0594
>
> *Lead Counsel for Plaintiffs*
>
> -and-
>
> John Schmidt
> Mayer, Brown, Rowe & Maw LLP
> Attn: DaimlerChrysler Services Settlement
> 71 South Wacker Drive.
> Chicago, IL 60606
> Fax: 312-706-8397

*Co-Counsel for Defendant*

and (ii) has filed said objections, papers, and briefs, showing due proof of service upon said counsel with the Clerk of the United States District Court for the Northern District of Illinois, on or before the same date. Any Class Member who does not submit an objection in the manner provided above shall be deemed to have waived any objection to the Settlement and shall forever be foreclosed from making any objection to class certification, to the fairness, adequacy or reasonableness of the Settlement, and to any attorneys' fees and reimbursements approved.

10.     All memoranda, affidavits, declarations and other evidence in support of the request for approval of the Settlement and Class Counsel's request for approval of attorneys' fees, costs and reimbursement of expenses shall be filed on or before August 26, 2005.

11.     The Court expressly reserves its right to adjourn the Fairness Hearing from time to time without further notice other than to counsel of record and to approve the proposed Settlement and/or the request for approval of attorneys' fees and expenses at or after the originally scheduled Fairness Hearing.

12.     This Order shall not be construed or deemed to be evidence of a presumption, implication, concession, or admission by any Party concerning (i) any claim of liability, fault, or wrongdoing by DaimlerChrysler Services or any defense thereto; (ii) the appropriateness or inappropriateness of any measure of alleged loss or damages; or (iii) the appropriateness or inappropriateness of class certification of this Litigation for any purpose other than this Settlement (including but not limited to the class definition, the adequacy of the Class Representatives or of Class Counsel to represent the Class, and

the duration of the class period). If the Settlement Agreement is not approved or consummated for any reason whatsoever, the Settlement Agreement and all proceedings had in connection therewith shall be without prejudice to the *status quo ante* rights of the Parties to this Litigation. In that event, this Order shall be vacated, the Third Amended Complaint shall be stricken, class certification shall be dissolved *ab initio*, and all of the *status quo ante* rights of the Parties shall be restored including, but not limited to, the rights of the Parties to support or oppose certification of a class and/or the merits of any claim or defense on any grounds, legal or equitable.

**IT IS SO ORDERED:**

_____
HONORABLE MARK FILIP
UNITED STATES DISTRICT JUDGE