

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JERRELL D. COBURN, et. al., individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DAIMLERCHRYSLER SERVICES NORTH AMERICA, L.L.C., d/b/a/, CHRYSLER FINANCIAL COMPANY, L.L.C.,<br><br>Defendant. | No. 03-C-00759<br><br>Judge Mark Filip |

## FINAL JUDGMENT AND ORDER APPROVING CLASS ACTION SETTLEMENT AND DISMISSAL WITH PREJUDICE

The Settlement Agreement dated June 27, 2005 (the "Settlement Agreement") between (A) the Class Representatives (on behalf of themselves and the Class Members) and the Individual Plaintiffs and (B) DaimlerChrysler Services North America LLC ("DaimlerChrysler Services") provides for the Settlement of this lawsuit, subject to approval by this Court of its terms and to the entry of this Final Judgment. A copy of the Settlement Agreement is attached as Exhibit 1.

Pursuant to an Order dated July 5, 2005("Preliminary Approval Order"), the Court scheduled a hearing (the "Fairness Hearing") to consider the approval of the Settlement Agreement and the Settlement reflected in it.

DaimlerChrysler Services denies any wrongdoing, fault, violation of law, or liability for damages of any sort. DaimlerChrysler Services objected, and continues to object, to the

certification of any class and has agreed to the certification of this class for settlement purposes only.

In accordance with the Preliminary Approval Order, Notice was published in two newspapers affiliated with the National Newspapers Publishers Association and two newspapers affiliated with the National Association of Hispanic Publications. Affidavits and/or declarations of publication of the Notice have been filed with the Court, demonstrating compliance with this Court's orders regarding Notice.

A Fairness Hearing was held before this Court on September 6, 2005 to consider, among other things, whether the Settlement should be approved by this Court as fair, reasonable and adequate, and whether and the extent to which Class Counsel's request for approval of attorneys' fees and expenses is reasonable and should be approved by this Court.

**NOW THEREFORE, GOOD CAUSE APPEARING, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. This Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used in this Final Judgment shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein.

2. The Settlement Agreement is the product of good faith arms-length negotiations by the Parties, each of whom was represented by experienced counsel.

3. The Court finds that the class proposed for purposes of the Settlement meets the requirements of Fed. R. Civ. P. 23(b)(2), and hereby certifies a class only for purposes of settlement in the Litigation as follows:

All African-American and Hispanic consumers who applied for credit through a motor vehicle dealer to DaimlerChrysler Services during the period January 1, 1990 though the Effective Date of the Settlement Agreement.

4. The Notice provided for and given to the Class Members was in compliance with the Preliminary Approval Order dated July 5, 2005, and said notification was in full compliance with the notice requirements of due process and Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure.

5. This Court approves the Settlement and all terms set forth in the Settlement Agreement and finds that the Settlement is, in all respects, fair, reasonable, adequate and in the best interest of the Class Members.

6. Any and all objections to the Settlement Agreement have been considered and are hereby found to be without merit and are overruled.

7. The entire Litigation is dismissed with prejudice, and without costs to any party, and pursuant to the Settlement Agreement between the Parties.

8. The Class Representatives and the Individual Plaintiffs forever release and discharge DaimlerChrysler Services, its parents, subsidiaries and affiliates, and each of their predecessors, successors, assignors, assignees, directors, officers, employees, attorneys, agents, and representatives, from all Claims, whether known or unknown, suspected or unsuspected, for discrimination under the ECOA, (15 U.S.C. §§ 1691 *et seq.* and its implementing regulations, Regulation B, 12 C.F.R., Part 202), the Civil Rights Act (42 U.S.C. §§ 1981 & 1982), or any other federal, state or local ordinance or provision of law or any common law theory, including all Claims for monetary, equitable, declaratory, injunctive, or any other form of relief, arising out of the actions challenged in the Litigation. The aforementioned Claims of the Class

Representatives and the Individual Plaintiffs, and this Litigation, hereby are dismissed with prejudice.

9. The Class Members also forever release and discharge DaimlerChrysler Services, its parents, subsidiaries and affiliates, and each of their predecessors, successors, assignors, assignees, directors, officers, employees, attorneys, agents and representatives, from all Claims, whether known or unknown, suspected or unsuspected, for equitable, declaratory and/or injunctive relief, for discrimination under the ECOA (15 U.S.C. §§ 1691 *et seq.* and its implementing regulations, Regulation B, 12 C.F.R., Part 202), the Civil Rights Act (42 U.S.C. §§ 1981 & 1982), or any other federal, state, or local ordinance or provision of law or any common law theory, that arose or will arise on or before the Effective Date and arising out of the actions challenged in the Litigation,. The aforementioned Claims of the Class Members, and this Litigation, hereby are dismissed with prejudice.

Notwithstanding the above, Class Members (excluding the Class Representatives and the Individual Plaintiffs) are not releasing any right they may have to pursue an individual action for monetary damages. Further, nothing herein shall be construed as waiving or impairing any defenses DaimlerChrysler Services may have to such individual damages claims, including but not limited to DaimlerChrysler Services' position that in any case where the retail installment contract assigned to DaimlerChrysler Services contains an arbitration clause, any claim shall be subject to individual non-class arbitration.

10. Attorneys' fees in the amount of $2,800,000 and reimbursement of Litigation-related expenses in the amount of $175,000 are hereby approved and shall be paid to Plaintiffs' counsel within ten days, provided that in the event of any timely filed objections thereto, or potential for appeal there from, or collateral attack on the Settlement, such payment

shall be made to the escrow agent pursuant to the terms of the escrow agreement previously approved by DaimlerChrysler Services (with all fees and expenses of the escrow agent to be paid by Plaintiffs' counsel) and shall be repaid to DaimlerChrysler Services as appropriate, together with accrued interest at the rate paid on the escrow account by the financial institution holding it, if and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the final approval of the Settlement or the fee or cost award is finally denied, reduced or reversed.

11. Incentive Awards of $2,000 are hereby approved for each of the Class Representatives Jerrell D. Coburn, Cassandra Haynes, Ernesto Marquez and Individual Plaintiffs Vanessa Dampeer, Nathan Murray, Eddie Tobias, and Elaine Sims for their time and effort in initiating and prosecuting the Litigation on behalf of the Class. Such awards are made solely for the time and effort expended by the Class Representatives and Individual Plaintiffs in connection with the Litigation and do not constitute compensation or damages of any kind for any claim against DaimlerChrysler Services.

12. Neither this Order nor any other order, agreement, document, or act made, issued, or taken in connection with the Settlement shall be construed or deemed to be evidence of a presumption, implication, concession, or admission by any Party concerning (i) any claim of liability, fault, or wrongdoing or any defense thereto; (ii) the appropriateness or inappropriateness of any measure of alleged loss or damages; or (iii) the appropriateness or inappropriateness of class certification of this Litigation for any purpose other than this Settlement (including but not limited to the class definition and the duration of the class period). If the Effective Date, as defined in the Settlement Agreement, does not occur for any reason whatsoever, then at the request of any party this Court will vacate this Final Order and the

Preliminary Approval Order except, to the extent necessary, those provisions that should remain in force to ensure that the Litigation returns to the *status quo ante* pursuant to this paragraph and paragraph 11 of the Preliminary Approval Order.

13. Without affecting the finality of this Final Order in any way, this Court retains continuing jurisdiction for the purpose of enforcing the Settlement Agreement and this Final Order, and other matters related or ancillary to the foregoing.

14. The Parties having so agreed, good cause appearing, and there being no just reason for delay, it is expressly directed that this Final Judgment and Order Approving Class Action Settlement and Dismissal with Prejudice be, and hereby is, entered as a final and appealable order.

**IT IS SO ORDERED:**

9/8/05

HONORABLE MARK FILIP
UNITED STATES DISTRICT JUDGE